DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (motion), filed April 18, 2008, requesting that the Complaint be dismissed because Plaintiffs are not aggrieved. The motion was heard by the court May 19, 2008. Plaintiffs were both present for the hearing. Defendant was represented by Ken Collmer, an appraiser with the assessor's office.
 I. STATEMENT OF FACTS
The appeal involves Plaintiffs' personal residence, which is identified as Account R248632. According to Plaintiffs, the previous owner replaced some windows and put a new roof on the property before Plaintiffs bought the home in May 2003.
Defendant determined that the real market value (RMV) of the property as of January 1, 2007, which is the assessment date for the 2007-08 tax year, was $269,860. The assessed value (AV) is $160,230. Plaintiffs have requested a reduction in AV, asserting that their AV is high, based on the ratio of RMV to AV of their home compared to the home next door. Plaintiffs contend that other properties support that assertion. Plaintiffs request a reduction in AV to $118,100. Plaintiffs are not challenging the RMV. Defendant asserts that Plaintiffs are not aggrieved because the only way to reduce AV, *Page 2 
given that there is no challenge to RMV, is to reduce maximum assessed value (MAV), and a reduction in MAV is contrary to ORS 308.146.
 II. ANALYSIS
As the court explained during the May 19, 2008, hearing, there is no legal authority that would allow the court to reduce Plaintiffs' AV on the facts of this case. That is because AV is a mathematical calculation established under Measure 50 for the property's base year, which in this case is 1997, and set thereafter according to the state's constitution and relevant statutes. A brief historical overview of Oregon's pre-and post-Measure 50 property tax system provides a helpful framework for an understanding of this case.
Prior to the enactment of Measure 50, "[a]ll real or personal property within each county [was] valued and assessed at 100 percent of its real market value." ORS 308.232 (1995). Thus, RMV and AV were the same (valued and assessed at its "real market value"), unless the property benefitted from an exemption or special assessment. Taxes were, and are, imposed on assessed value. ORS 310.090.[1]
In May 1997, the Oregon voters approved a referendum that radically altered Oregon's property tax system through an amendment to the state's constitution. Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls. See Or Const, Art XI, § 11(1)(a);Ellis v. Lorati, 14 OTR 525, 532 (1999) (Lorati) (noting the history of the *Page 3 
adoption of Measure 50). Measure 50 is codified in ORS 308.146 to ORS308.166. Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2).[2] RMV was, and continues to be, the most probable selling price of the property on the applicable assessment date. ORS 308.232; ORS 308.205. RMV moves with the market, and has, in the recent past, generally risen by considerably more than three percent annually. Finally, for years subsequent to 1997 "the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b); see also ORS308.146(1), (2).
Because AV is simply a mathematical calculation determined in accordance with the procedures explained above, the court cannot adjust Plaintiffs' AV to achieve uniformity with allegedly similar properties. Measure 50 explicitly excepts itself from the uniformity requirements of Oregon's constitution. Subsection (18) of Article XI, section 11 (Measure 50) provides that "Section 32, Article I, and section 1, Article IX of this Constitution, shall not apply to this section." Those sections require uniformity.[3] See also Lorati, 14 OTR at 535
(stating that Measure 50 "excuses itself from complying with other constitutional provisions requiring uniformity.") In fact, the court stated in Lorati, "[t]he concept [of MAV] may, over time, result in various degrees of nonuniformity in the property tax *Page 4 
system." Id. The same is true of AV in this case, because AV is the same as MAV, and the distortions generated by the concept of MAV carry over into AV. Thus, Plaintiffs' uniformity concerns cannot be addressed by the court.
 III. CONCLUSION
The court has considered Defendant's Motion to Dismiss and concludes that request should be granted because Plaintiffs seek a reduction in AV for the 2007-08 tax year without challenging the property's RMV, and such a unilateral reduction in AV is contrary to applicable law. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.
Dated this ____ day of June 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 5, 2008.The Court filed and entered this document on June 5, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] By way of example, assume that in 1995 a property has an RMV of $100,000, and that the RMV increases to $125,000 in 1997. Prior to Measure 50, the property's AV in 1997 would be $125,000 (the same as the property's RMV). However, under Measure 50, the property has an MAV in 1997 of $90,000 (90% of the property's 1995 RMV). And, because the MAV of $90,000 is less than the RMV of $125,000, the AV, which is the number against which taxes are imposed, is $90,000.
[3] Article I, section 32 provides in relevant part: "all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."
Article IX, section 1, provides: "The Legislative Assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the State." *Page 1